UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NICOLE TRIM, et al.,

                        Plaintiffs,                        **MEMORANDUM AND ORDER**

    - v -

                                                       CV-04-1841 (CBA)(VVP)

CITY OF NEW YORK, et al.,

                        Defendants.
-------------------------------------------------------------x

       Upon review of the documents submitted in connection with the plaintiffs' request for an infant compromise order, the court finds the following deficiencies which are to be cured by submission of corrected documents at the hearing now scheduled for June 8, 2006:

1. The caption of the Affidavit of Guardian states that Nicole Trim's relationship to the infant plaintiff is that she is "his father. This is incorrect for two reasons: she cannot be a father and Ciera is female;

2. The first paragraph of the Affidavit of Guardian incorrectly states that the infant's age is "ten";

3. The Affidavit of Guardian does not provide information concerning medical and/or psychological treatment received by the infant, including the names of any physicians or other professionals who treated her, the expenses incurred, the period of disability, if any, and the present physical condition of the infant (*see* N.Y.C.P.L.R. 1208(4)). If the infant received no treatment and suffered no disability, that must be expressly stated, as must the present physical condition whether or not medical treatment was received;

4. The Affidavit of Guardian implies, but does not clearly state, that the infant will receive the entire proceeds of the settlement. The Affidavit of Guardian further states that the attorney is waiving his fee. The Attorney's Affirmation on the other hand requests that the attorney be allowed an attorneys' fee of one-third of the settlement. All of these matters must be rectified and the Affidavit of Guardian must expressly set forth the "terms and proposed distribution of the settlement and [her] approval of both." N.Y.C.P.L.R. 1208(5)).

5. The Affidavit of Guardian provides no information concerning the matters addressed in N.Y.C.P.L.R. 1208(7).

6. The Affidavit of Guardian provides no information concerning the matters addressed in N.Y.C.P.L.R. 1208(8). In particular, it does not say anything about the Guardian's individual claim and how it was resolved.

The court will be unable to enter any order concerning the settlement until the above deficiencies are rectified.

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         June 2, 2006